J. S36021/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSE GUADALUPE ROJO, JR., | : | |
| | : | |
| Appellant | : | No. 1846 MDA 2015 |

Appeal from the PCRA Order September 30, 2015
In the Court of Common Pleas of Adams County
Criminal Division No.: CP-01-CR-0000237-2010

BEFORE: MUNDY, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.: **FILED JULY 22, 2016**

Appellant, Jose Guadalupe Rojo, Jr., appeals from the Order entered in the Adams County Court of Common Pleas dismissing his first Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as untimely. Additionally, Appellant's appointed counsel, Thomas R. Nell, Esquire ("Attorney Nell"), has filed a Petition to Withdraw as counsel and an accompanying no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). After careful review, we grant Attorney Nell's Petition to Withdraw and affirm on the basis that Appellant's PCRA Petition is untimely and that this Court lacks jurisdiction to review the Petition.

---

[*] Former Justice specially assigned to the Superior Court.

On June 28, 2010, Appellant entered a negotiated guilty plea to one count of Possession of a Controlled Substance With Intent to Deliver ("PWID").[1] The same day, the trial court imposed the negotiated sentence of 5 to 10 years' incarceration.[2] Appellant did not file a direct appeal. His Judgment of Sentence, therefore, became final on July 28, 2010. *See* 42 Pa.C.S. § 9545(b)(3).

Appellant filed the instant *pro se* PCRA Petition, his first, on July 20, 2015. Appellant claimed his plea counsel had been ineffective and that his sentence is excessive and illegal. On August 12, 2015, the PCRA court issued a Pa.R.Crim.P. 907 Notice advising Appellant of its intent to dismiss his Petition based on lack of jurisdiction, and appointed Attorney Nell as counsel. Appellant filed an Amended PCRA Petition on September 21, 2015, raising additional claims of ineffective assistance of counsel and constitutional violations.

On September 30, 2015, the PCRA court dismissed Appellant's Petition without a hearing, concluding it lacked jurisdiction to consider Appellant's underlying claim because the Petition was untimely and Appellant failed to plead and prove a timeliness exception. Appellant filed a Notice of Appeal

---

[1] 35 P.S. § 780-113(a)(30).

[2] The sentence included a sentence imposed for a conviction in another matter docketed at CP-01-CR-00104-2010. That matter is not at issue in this appeal.

on October 21, 2015. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On February 1, 2016, Attorney Nell filed with this Court a Petition to Withdraw as counsel, and an accompanying **Turner**/**Finley** no-merit letter, asserting counsel's opinion that there were no non-frivolous issues to be raised on appeal. Appellant did not respond to Attorney Nell's Petition to Withdraw as Counsel.

Before we consider Appellant's arguments, we must review Attorney Nell's request to withdraw from representation. Pursuant to **Turner**/**Finley**, independent review of the record by competent counsel is required before withdrawal on collateral appeal is permitted. **Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009). Counsel is then required to submit a "no merit" letter (1) detailing the nature and extent of his or her review; (2) listing each issue the petitioner wished to have reviewed; and (3) providing an explanation of why the petitioner's issues were meritless. **Id**. The court then conducts its own independent review of the record to determine if the Petition is meritless. **Id**. Counsel must also send to the petitioner: "(1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (citation omitted).

Our review of the record discloses that Attorney Nell has complied with each of the above requirements. In addition, Attorney Nell sent Appellant copies of the ***Turner***/***Finley*** no-merit letter and his Petition to Withdraw, and advised him of his rights in lieu of representation in the event that the court granted Attorney Nell permission to withdraw. ***See Commonwealth v. Widgins***, 29 A.3d 816, 818 (Pa. Super. 2011). Since Attorney Nell has complied with the ***Turner***/***Finley*** requirements, we will proceed with our independent review of the record and the merits of Appellant's claims.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008).

In the ***Turner***/***Finley*** letter, Attorney Nell indicated Appellant wished to challenge the effectiveness of counsel and the legality of his sentence. Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. ***See Commonwealth v. Hackett***, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA Petition is a jurisdictional requisite).

Under the PCRA, any Petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Appellant's Judgment of Sentence became final on July 28, 2010, upon expiration of the time to file a Notice of Appeal with the Pennsylvania Superior Court. *See* 42 Pa.C.S. § 9545(b)(3). In order to be timely, Appellant needed to submit his PCRA Petition by July 28, 2011. *Id*. Appellant filed this PCRA Petition on July 20, 2015, well after the one-year deadline. The PCRA court properly concluded that Appellant's Petition is facially untimely. PCRA Court Opinion, dated 12/28/15, at 3.

Pennsylvania courts may consider an untimely PCRA petition, however, if the appellant pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b), which provides the following:

**(b) Time for filing petition.**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the

judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)-(2). **See, e.g., Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000) (reviewing specific facts that demonstrated the claim had been timely raised within 60-day timeframe).

Appellant attempts to invoke the timeliness exception under Section 9545(b)(1)(iii) in his challenge to the legality of his sentence, relying on **Alleyne v. United States**, __ U.S. __, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). As long as this Court has jurisdiction over the matter, a legality of sentencing issue is reviewable and cannot be waived. **Commonwealth v. Jones**, 932 A.2d 179, 182 (Pa. Super. 2007). However, a legality of sentencing issue must be raised in a timely filed PCRA Petition. **See** 42 Pa.C.S. § 9545(b)(2); **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa.

1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto"). Appellant must present an illegal sentencing claim in a timely PCRA Petition over which we have jurisdiction. *See Fahy, supra* at 223, and *Commonwealth v. Miller*, 102 A.3d 988, 994 (Pa. Super. 2014) (*en banc*) (explaining that the decision in *Alleyne* does not invalidate a mandatory minimum sentence when presented in an untimely PCRA Petition).

The United States Supreme Court decided *Alleyne* on June 17, 2013. In order to invoke the "constitutional right" exception under 42 Pa.C.S. § 9545(b)(1)(iii), Appellant needed to submit his PCRA petition within 60 days of June 17, 2013. *See Commonwealth v. Boyd*, 923 A.2d 513, 517 (Pa. Super. 2007) (stating that the 60-day period begins to run upon the date of the underlying judicial decision). Appellant filed this PCRA Petition on July 20, 2015, well after 60 days of the *Alleyne* decision.

Because Appellant's Judgment of Sentence was final when *Alleyne* was decided and because he filed an untimely PCRA Petition, the instant case is indistinguishable from *Miller*. Accordingly, the PCRA court properly concluded that Appellant failed to plead and prove any of the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1), and properly dismissed Appellant's Petition is untimely. PCRA Court Opinion, dated 12/28/15, at 2-5.

In sum, (1) Appellant's PCRA Petition was facially untimely and he did not plead and prove the applicability of any of the three statutory timeliness exceptions; (2) the PCRA court properly dismissed Appellant's PCRA Petition without an evidentiary hearing; and (3) Attorney Nell fulfilled the procedural requirements of *Turner/Finley*. We, thus, affirm the denial of PCRA relief and grant counsel's Petition to Withdraw.

Order affirmed. Petition to Withdraw granted. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/22/2016